johnatoigueple

LEONARDO RAPADAS
United States Attorney
JOSEPH TOCK
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
JUL - 8 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN A.B. ATOIGUE,<br><br>    Defendant. | MAGISTRATE CASE NO. 05-00017<br><br>**PLEA AGREEMENT** |

  Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JOHN A.B. ATOIGUE, enter into the following plea agreement:

  1. The defendant, JOHN A.B. ATOIGUE agrees to enter a guilty plea to an Information charging him with Count 1 of the Information, Unlawful Taking of Wildlife, As an Assimilative Crime in violation of 5 Guam Code Annotated, Sections 63121 and 63125, and United States Code Sections, 7(3) and 13. Count 2 will be dismissed upon sentencing.

  2. The defendant understands that the maximum sentence for Unlawful Taking of Wildlife in violation of 5 Guam Code Annotated as a misdemeanor as specified in 5 G.C.A. § 63129 is imprisonment for not more than 90 days and a maximum fine of not less than $50.00, nor more than $500.00, together with any restitution as the court may order, and a $25 special assessment fee. The total of $25 special assessment fee must be paid upon sentencing. The government will recommend

1

that defendant receive the low end of the sentencing guidelines and a fine of $500.00, and credit for time served, if any.

If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Entering Military Property, a violation of Title 18, United States Code, Sections 1382, 7(3) and 13, the government must prove each of the following elements beyond a reasonable doubt for each count:

First, that on May 5, 2005, the defendant engaged in the knowing and unlawful taking wildlife ; and

Second, that the taking was done in the dark, in an area known for wildlife; and

Third, the defendant took said wildlife with the aid of an artificial light; and

Fourth, that the locality in which the crime was committed was on land acquired or reserved for the use of the United States and under exclusive or concurrent jurisdiction thereof.

4. The defendant understands that the Sentencing Guidelines apply to this offense and that they are advisory. The government and the defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1975, and is a citizen of the United States.

b. That on May 5, 2005, the defendant JOHN A.B. ATOIGUE entered Andersen AFB, Guam at approximately 3:30 a.m., it was dark. That JOHN A.B. ATOIGUE was accompanied by Juan S.N. Chargualaf. That the defendant knew the property he was entering belonged to the United States Air Force and he entered with the intention of shooting deer, at night, with an artificial light. JOHN A.B. ATOIGUE and Juan S.N. Chargualaf had in their possession a 12 gauge shotgun and the shotgun was functional. That at approximately 3:40 a.m. the defendant shot a deer.

c. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or

determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

5. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

 a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

 b. His right to be represented by an attorney;

 c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

 d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

 e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

 f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

 g. That he reads, writes and speaks the English language and has no need for an interpreter;

 h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 7/8/05

_____
JOHN A. B. ATOIGUE
Defendant

DATED: 7/8/05

_____
MARK S. SMITH
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 8 July 05

By: _____
JOSEPH TOCK
Special Assistant U.S. Attorney

DATED: 7-8-05

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 4 -