juanchargualafple

LEONARDO RAPADAS
United States Attorney
JOSEPH TOCK
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM
JUL 12 2005
MARY L.M. MORAN
CLERK OF COURT

**FILED**
DISTRICT COURT OF GUAM
JUL 11 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | MAGISTRATE CASE NO. 05-00017 |
| Plaintiff, ) | |
| ) | **AMENDED** |
| vs. ) | **PLEA AGREEMENT** |
| ) | |
| JUAN S.N. CHARGUALAF, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JUAN S.N. CHARGUALAF, enter into the following plea agreement:

1. The defendant, JUAN S.N. CHARGUALAF agrees to enter a guilty plea to Count 2 of the Information charging him with ~~Count 2 of the Complaint,~~ Entering Military Property with the intent to violate 5 Guam Code Annotated, Sections 63121 and 63125, in violation of 18 United States Code Sections 1382, 7(3) and 13. Count 1 will be dismissed upon sentencing.

2. The defendant understands that the <u>maximum</u> sentence for Entering Military Property in violation of 18 U.S.C. 1382 as a misdemeanor as specified in 18 U.S.C. §§ 1382 is imprisonment for not more than six months and a maximum fine of $5,000.00, together with any restitution as the court may order, and a $10 ~~$25~~ special assessment fee. Any sentence of incarceration shall include a term of supervised release of not more than one (1) year. If the court

1

revokes sentence of supervised release, the court may incarcerate the defendant for one (1) year. The total of $25 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines and a fine of $500.00, and credit for time served, if any.

If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Entering Military Property, a violation of Title 18, United States Code, Sections 1382, 7(3) and 13, the government must prove each of the following elements beyond a reasonable doubt for each count:

<u>First</u>, that on May 5, 2005, the defendant entered certain military property, more specifically Andersen AFB, Guam; and for a prohibited purpose

<u>Second</u>, the defendant entered Andersen AFB with the intention of possessing or taking wild deer or pig; and

<u>Third</u>, the defendant intended to take or possess the wild deer or pig with an artificial light; and

<u>Fourth</u>, that the locality in which the crime was committed was on land acquired or reserved for the use of the United States and under exclusive or concurrent jurisdiction thereof.

4. The defendant understands that the Sentencing Guidelines do not apply to this offense. The government and the defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1971, and is a citizen of the United States.

b. That on May 5, 2005, the defendant JUAN S.N. CHARGUALAF entered Andersen AFB, Guam at approximately 3:30 a.m., it was dark. That JUAN S.N. CHARGUALAF was accompanied by John A.B. Atoigue. That the defendant knew the property he was entering belonged to the United States Air Force and he entered with the intention of shooting deer, at night, with an artificial light. JUAN S.N. CHARGUALAF and John A.B. Atoigue had in their

possession a 12 gauge shotgun and the shotgun was functional. That at approximately 3:40 a.m. they shot a deer.

 c. ~~The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range~~. *my* The defendant acknowledges that should there be discrepancies in the final Sentencing ~~Guidelines~~ *my* or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

 5. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

 6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

 a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

 b. His right to be represented by an attorney;

 c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

 d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

 e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

 f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

Case 1:05-mj-00017   Document 27   Filed 07/12/2005   Page 3 of 4

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 070805

_____
JUAN S.N. CHARGUALAF
Defendant

DATED: 7/8/05

_____
JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 8 July 05    By: _____
JOSEPH TOCK
Special Assistant U.S. Attorney

DATED: 7-8-05

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 4 -